US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 19 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

META F. CRUMB                                              PLAINTIFF

CIV. NO. 00 - _16-2231_ PKH

PLAN #501 GROUP LONG TERM DISABILITY PLAN
FOR EMPLOYEES OF WAL-MART STORES, INC.;
WAL-MART STORES, INC., PLAN ADMINISTRATOR;
and HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, POLICY ADMINISTRATOR                              DEFENDANTS

## COMPLAINT

COMES NOW the plaintiff herein, Meta F. Crumb ("Plaintiff"), by and through counsel, Laura J. McKinnon, and for a legal cause of action against the defendants, Plan #501 Group Long Term Disability Plan For Employees of Wal-mart Stores, Inc.; Wal-mart Stores, Inc. ("Wal-mart"), Plan Administrator; and Hartford Life and Accident Insurance Company ("Hartford"), Policy Administrator (collectively "Defendants"), alleges and states as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Greenwood, Arkansas, and at all times pertinent hereto, was an employee of Wal-mart.

2. Plaintiff is a participant and beneficiary of an employee benefit plan as defined by 29 U.S.C. Section 1002 (7) and (8). That plan is Plan #501, and the plan name is the Group Long Term Disability Plan for Employees of Wal-mart Stores, Inc. (the "Plan"). The Plan Administrator is Wal-mart, 702 Southwest 8th Street, Bentonville, AR 72716.

3. The Plan is associated with a policy issued by Hartford to Wal-mart, identified as Group Insurance Policy Number GLT205215 (the "Policy"). The Policy Administrator is Hartford.

4. Wal-mart is an employer engaged in commerce or in an industry or activity affecting

commerce within the meaning of 29 U.S.C. Section 1003 (a)(1).

5. Wal-mart does business within the State of Arkansas and within this district and division of this Court.

6. Hartford does business within the State of Arkansas and within this district and division of this Court.

7. Wal-mart is a corporation organized and existing under the laws of the State of Arkansas with its principal place of business being located in Arkansas.

8. Hartford is a corporation organized and existing under the laws of the State of Delaware with its principal place of business being located in Connecticut.

9. According to the Plan/Policy documents, the agent for service of process for the Plan is Wal-mart.

10. According to the Plan/Policy documents, the agent for service of process for the Policy is Hartford, at 200 Hopmeadow St., Simsbury, CT 06089.

11. This action arises under 28 U.S.C. Sections 1331, and 2201, and 29 U.S.C. Section 1132 et seq., commonly known as the Employee Retirement Income Security Act (ERISA), as Plaintiff seeks to recover benefits due to her under the terms of the Plan/Policy, to enforce her rights under said Plan/Policy, and to clarify her rights to future benefits under the Plan/Policy, all within the contemplation of 29 U.S.C. Section 1132(a).

12. This Court has jurisdiction of the parties hereto and the subject-matter hereof. Venue is proper in this district and division of this Court pursuant to 28 U.S.C. Section 1391.

## II.  FACTS

13. On or about May 16, 2012, Plaintiff was employed by Wal-mart and covered under the Plan/Policy. Plaintiff completed her elimination period and began receiving benefits in the amount of $785.98 at a 50% rate of monthly earning of $1,571.96, on November 28, 2012.

14. Plaintiff received long term disability benefits from Defendants from the date of incident under an "own occupation" provision until November 28, 2013.

15. At that time, Defendants stopped/denied disability payments because of an "other occupation" provision.

16. Plaintiff requested administrative appeal of the decision by Defendants to deny disability benefits under the policy.

17. Plaintiff's appeal review was denied by a letter on May 19, 2014.

18. Plaintiff's injury is covered by the plain language and provision of the Plan/Policy. Demand for benefits has been made and finally denied. All administrative remedies have been exhausted and all jurisdictional prerequisites have been satisfied.

19. Plaintiff has completed all necessary forms and paperwork required for benefits to be paid. Plaintiff has supplied Defendants with medical evidence establishing her period of disability and continuing entitlement to policy benefits.

### III. DAMAGES

20. Plaintiff was age 68 years at onset of disability and her maximum benefits period was contractually limited to 21 months, which equates with benefits ending on August 28, 2014. Plaintiff's benefits were terminated under the "other occupation" provision on November 28, 2013. Plaintiff is due nine (9) months of benefits at a rate of $785.98, which equals $7,7073.62, as well as costs and attorney fees and statutory penalties, interests, and any and all other applicable damages.

### IV. PRAYER FOR RELIEF

21. Plaintiff is entitled to judgment against the defendant in the amount of all unpaid benefits as well as interests, costs, and fees.

22. Further, Plaintiff is entitled to a reasonable attorney's fee and costs incurred in prosecuting this claim, pursuant to 29 U.S.C. Section 1132 (g).

WHEREFORE, Plaintiff prays that this Court enter a judgment against Defendants ordering that accrued benefits be paid in a lump sum, and for costs, statutory attorney's fees under 29 U.S.C.A. 1132(G)(1), all applicable nonstatutory attorney fees, and for all other relief to which Plaintiff shows

herself entitled.

                                    RESPECTFULLY SUBMITTED,

                                    META F. CRUMB, PLAINTIFF

                    By: _____
                              Laura J. McKinnon
                              ABA #84104
                              McKinnon Law Firm
                              P.O. Box 1127
                              Fayetteville, AR  72702
                              (479) 521-1555