IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

META F. CRUMB                                                                                              PLAINTIFF

VS.                              Case No. 2:16-cv-02231-SOH

PLAN # 501 GROUP LONG TERM
DISABILITY PLAN FOR EMPLOYEES
OF WAL-MART STORES, INC.;
WAL-MART STORES, INC., PLAN
ADMINISTRATOR; and HARTFORD
LIFE AND ACCIDENT INSURANCE
COMPANY, POLICY ADMINISTRATOR                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court are the Motion to Dismiss (Doc. 10) of Defendant, Hartford Life and Accident Insurance Company ("Hartford"), and the Motion to Dismiss (Doc. 13) of Defendants, Plan # 501 Group Long Term Disability Plan for Employees of Wal-Mart Stores, Inc. (the "Plan") and Wal-Mart Stores, Inc. ("Wal-Mart"), both motions filed on October 31, 2016. Plaintiff, Meta F. Crumb ("Crumb"), filed responses to the motions on November 14, 2016. (Docs. 15, 17) The motions were referred to the undersigned on December 8, 2016, and they are ready for report and recommendation.

### I. Background

Crumb filed her Complaint on September 19, 2016. (Doc. 1) She alleges that she was an employee of Wal-Mart and is a participant and beneficiary of the Wal-Mart Defendants' group long-term disability plan. (Doc. 1, ¶¶ 1, 2) She alleges that Wal-Mart is the Plan Administrator, and that the Plan is associated with a policy of insurance issued by Hartford, identified as Group Insurance Policy Number GLT205215 (the "Policy"), with Hartford acting as the Policy Administrator. (Doc.

1, ¶¶ 2, 3) This action arises under the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA"). (Doc. 1, ¶ 11) This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1391. (Doc. 1, ¶ 12)

Crumb alleges that she began receiving benefits under the Plan on November 28, 2012, and that Defendants terminated the benefits effective November 28, 2013 due to an "other occupation" provision. (Doc. 1, ¶¶ 13-15) Crumb's administrative appeal was denied on May 19, 2014. (Doc. 1, ¶ 17) For relief, Crumb claims she is entitled to nine (9) months of benefits at a rate of $785.98 per month, for a total of $7,7073.62, as well as costs, attorneys fees, statutory penalties, and interest. (Doc. 1, ¶ 20)

Hartford moves for dismissal on the basis that Crumb's Complaint was not timely filed. (Doc. 10) Specifically, Hartford asserts that the contractual language of the Policy requires suit to be filed within three (3) years from the date proof of loss was required to be given, which for Crumb would have been by February 27, 2016. (Doc. 11, p. 2) Since Crumb's Complaint was filed on September 19, 2016, Hartford contends it is time-barred. (Id.)

In addition to joining in Hartford's limitations argument, the Wal-Mart Defendants assert that they are not proper parties to this action. (Doc. 13) They argue that the Plan is not a free-standing entity capable of being sued, and that Wal-Mart is not a proper defendant because it had no control over benefits determinations. (Doc. 14, p. 2)

## II. Standard of Review

To survive a motion to dismiss, a complaint must present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention of this is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v.*

*Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In evaluating the sufficiency of a complaint, the Court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party." *Bell v. Pfizer, Inc.,* 716 F.3d 1087, 1091 (8th Cir. 2013) (internal quotation omitted).

Even so, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings, Fed. R. Civ. P. 12(d), but it may consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings. *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

### III. Discussion

Hartford argues that Crumb's claim must be dismissed since she failed to file suit within the

contractual limitations period provided in the Policy. (Doc. 11, p. 4) The Wal-Mart Defendants join in that argument. (Doc. 14, p. 2) In response, Crumb states that her Complaint was filed within three (3) years of the cessation of benefits, and that her action was timely filed under the "clear repudiation rule." (Doc. 15, p. 1) The outcome of the dispute is determined by United States Supreme Court precedent – *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S.Ct. 604 (2013).

The Policy in question provides:

> "Legal action cannot be taken against [Hartford] ... 3 years after the date written Proof of Loss is required to be given according to the terms of The Policy." (Doc. 11-1, p. 35)

> "Written Proof of Loss must be sent to [Hartford] within 90 days after the start of the period for which [Hartford] [is] liable for payment." (Doc. 11-1, p. 33)

ERISA does not specify a statute of limitations for filing suit under § 502(a)(1)(B). *Heimeshoff*, 134 S.Ct. at 608. As noted just above, the Policy requires participants to bring suit within three (3) years after the Proof of Loss is due. The Proof of Loss is required within 90 days after the start of the period of disability for which payment is sought. Faced with a virtually identical policy provision in *Heimeshoff*, the Supreme Court observed that "[b]ecause proof of loss is due before a plan's administrative process can be completed, the administrative exhaustion requirement will, in practice, shorten the contractual limitations period." *Id*. The question presented there (as it is here) was whether the contractual limitations provision was enforceable. The Supreme Court determined that it was. *Id*.

Prior to *Heimeshoff*, there was a split among the Circuit Courts of Appeals on the enforceability of such a contractual provision. The Second and Sixth Circuits had held that plan provisions requiring suit within three years after the proof of loss deadline were enforceable, while

the Fourth and Ninth Circuits had held that such plan provisions were not enforceable. *Heimeshoff*, 134 S.Ct. at 610 (internal citations omitted). *Heimeshoff* resolved the split in favor of enforceability.

Heimeshoff contended that the limitations provision ran afoul of the general rule that statutes of limitations commence upon accrual of the cause of action. Crumb makes the same argument: "Plan participant's rights are determined when the beneficiary's claim accrues, which is when benefits are denied." (Doc. 16, p. 4) The Supreme Court rejected that argument, ruling that "[a]bsent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, *even one that starts to run before the cause of action accrues*, so long as the period is reasonable." 134 S.Ct. at 610 (emphasis added).

Enforcing contractual limitations provisions as written, the Supreme Court noted, "is especially appropriate when enforcing an ERISA plan." 134 S.Ct. at 611-12. The focus on the written terms of the plan "is the linchpin of 'a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place.'" 134 S.Ct. at 612 (internal citation omitted).

Two conditions could permit a court not to enforce a plan's limitations provision: (1) if the prescribed period is unreasonably short, or (2) if a "controlling statute" prevents the limitations provision from taking effect. *Id*. Similar to the circumstances in *Heimeshoff*, neither condition is met in the present case.

Here, Crumb's denial of benefits effective on November 28, 2013 was communicated to her by letter dated September 19, 2013. (Doc. 11-2) Her subsequent administrative appeal was denied on May 19, 2014. (Doc. 1, ¶ 17) Following the conclusion of her administrative appeal, Crumb had

until February 27, 2016[1] to timely file her lawsuit.  That left Crumb over 21 months following the denial of her administrative appeal to file her lawsuit.  In *Heimeshoff*, the plaintiff was left with approximately one year in which to file suit, which the parties did not dispute – and the Supreme Court held – provided a "reasonable" period of time within which to file suit.  Accordingly, I conclude that the 21 months Crumb had to file suit was not "unreasonably short."

Next, there is no "controlling statute" which would prevent the contractual limitations provision from taking effect.  Crumb first argues that the termination of her benefits "was not connected to the 'proof of loss' but was, instead, directed to an allegation the Plaintiff no longer met the definition of disability." (Doc. 16, p. 2)  Crumb states that this change in definition of disability occurred within the three years "for filing an action for initial denial of a claim" by a plan beneficiary, "[b]ut that does not mean that the Plan somehow magically gets to use the same three year statute of limitations for cessation of benefits that would have applied to a denial of an initial claim."  (Doc. 16, p. 3)  To argue otherwise, according to Crumb, would mean that all Plan beneficiaries currently receiving LTD benefits from Hartford "could have their benefits arbitrarily terminated and the defense counsel's three years from initial application a/k/a proof of loss would act to bar all legal actions." (Id.)  Crumb implores "[t]his simply cannot be the law." (Id.)  Her argument, however, ignores the analysis and law established in *Heimeshoff* concerning contractual limitations provisions and the requirement that a plan participant have a "reasonable" period within which to bring an action.

---

[1] This date is calculated as follows: Crumb's date of long-term disability began on November 28, 2012. Pursuant to the Policy, her Proof of Loss was due 90 days later, or by February 27, 2013. Pursuant to the Policy, her three-year limitations period began on that date, giving her until February 27, 2016 to file an action.

Similar contentions were advanced in *Heimeshoff*, where the plaintiff argued that the contractual limitations period would undermine the internal review process, permit administrators to prevent judicial review by delaying the resolution of claims in bad faith, and that even good-faith administration of internal review would significantly diminish the availability of judicial review. 134 S.Ct. at 614-15. The Supreme Court addressed and rejected each of those concerns; and, as its analysis relates to Crumb's argument, it concluded that "dilatory behavior [of administrators] may implicate one of the traditional defenses to a statute of limitations." *Id*. at 614. "If the administrator's conduct causes a participant to miss the deadline for judicial review, waiver or estoppel may prevent the administrator from invoking the limitations provision as a defense." *Id*. at 615 (internal citations omitted). Moreover, "[t]o the extent the participant has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply." *Id*. (internal citation omitted).

Finally, based on her contention that there is no contractual limitations period stated in the Policy for "cessation of benefits claims," Crumb asserts that when there is no contractual period of limitations ERISA refers to state law (which would be three years from the accrual of the cause of action). (Doc. 16, p. 4) This disregards the plain language of the limitations provision in the Policy. As Hartford points out, the contractual limitations provision "unequivocally fixes the deadline for filing a legal action – any legal action – as being related to the date 'Proof of Loss' is required," and the Policy "does **not** delineate between ... separate limitation of action provisions for different types of denied claims of which there could be any range of permutations." (Doc. 21, p. 3)(emphasis in original) Just as in *Heimeshoff*, the parties have adopted a limitations period by contract, and there is no need to borrow a state statute of limitation.

Crumb does not even reference the *Heimeshoff* decision in her responses, which I believe is a telling omission. Avoiding discussion of the case, however, does not equate to avoiding its ruling. Crumb also ignores other factually similar cases in which contractual limitations linked to proof of loss have been enforced. The decision in *Abena v. Metro Life Ins. Co.*, 544 F.3d 880 (7th Cir. 2008) is particularly on point and persuasive. Considering a similar three-year limitations period beginning after proof of disability was due, the Court there upheld the provision finding that seven (7) months after appeal denial to file suit was reasonable. Addressing the very argument Crumb has advanced here – that "a plan could pay benefits for three years and then stop paying without any recourse for the employee" – the Court in *Abena* rejected the argument upon reasoning that would be echoed and reaffirmed five years later by the Supreme Court in *Heimeshoff*. 544 F.3d at 884.

Crumb has not argued that the 21 months she had to file suit after the denial of her administrative appeal was unreasonable, nor could she in light of *Heimeshoff* and *Abena* where much shorter periods were found to be "reasonable." Crumb's Complaint, filed over six months after the expiration of the contractual limitations period, is untimely and subject to dismissal.

Because Crumb's Complaint is subject to dismissal for being untimely, there is no need to address the Wal-Mart Defendants' other arguments concerning whether they are proper parties in this action.

### IV. Conclusion

For the reasons and upon the authorities discussed above, it is recommended that Hartford's Motion to Dismiss (Doc. 10) be **GRANTED**, and that Plaintiff's Complaint against it be **DISMISSED WITH PREJUDICE**. It is also recommended that the Wal-Mart Defendants' Motion to Dismiss (Doc. 13) be **GRANTED**, and that Plaintiff's Complaint against them be **DISMISSED**

**WITH PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of May, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE