IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

META F. CRUMB                                                                                                    PLAINTIFF

v.                                              Case No. 2:16-cv-2231

PLAN # 501 GROUP LONG TERM
DISABILITY PLAN FOR EMPLOYEES
OF WAL-MART STORES, INC.;
WAL-MART STORES, INC., PLAN
ADMINISTRATOR; and HARTFORD
LIFE AND ACCIDENT INSURANCE
COMPANY, POLICY ADMINISTRATOR                                                            DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed June 15, 2017, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 28. Plaintiff has responded with timely objections. ECF No. 29. Hartford has filed a response to the objections. ECF No. 30. The Court finds the matter ripe for consideration.

### I. BACKGROUND

This action arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, as amended ("ERISA"). Plaintiff is an employee of Wal-Mart who is a participant and beneficiary of Wal-Mart's group long-term disability plan. Plaintiff alleges that Wal-Mart is the Plan Administrator, and that the plan is associated with a policy of insurance issued by Hartford, identified as Group Insurance Policy Number GLT205215, with Hartford acting as the Policy Administrator. She alleges that she began receiving benefits under the plan on November 28, 2012, and that her benefits were terminated effective November 28, 2013, pursuant to an "other occupation" provision. She appealed the decision to terminate her benefits, and her administrative appeal was denied on May 19, 2014. Plaintiff filed her complaint in the present action on

September 19, 2016, alleging that she is entitled to nine months of benefits at a rate of $785.98 per month, for a total of $7,7073.62 as well as costs, attorneys fees, statutory penalties, and interest.

Hartford moved for dismissal on the basis that Plaintiff's complaint was not timely filed. Specifically Hartford asserted that the contractual language of the policy at issue requires suit to be filed within three years from the date proof of loss was required to be given, which for Plaintiff would have been by February 27, 2016. Because Plaintiff's complaint was filed on September 19, 2016, Hartford claimed it was time-barred.

In addition to joining in Hartford's limitations argument, the two Wal-Mart Defendants assert that they are not the proper parties to this action. They argue that the plan is not a free-standing entity capable of being sued and that Wal-Mart is not a proper defendant because it has no control over the benefits determinations.

The magistrate judge recommended that the Motion to Dismiss (ECF No. 10) filed by Separate Defendant Hartford Life and Accident Insurance Company ("Hartford") be granted because Plaintiff's compliant is untimely. Judge Ford further recommends that the Motion to Dismiss (ECF No. 13) filed by Separate Defendant Plan # 501 Group Long Term Disability Plan for Employees of Wal-Mart Stores and Separate Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), be dismissed.

### III. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. Plaintiff's objections, which consist of six sentences, summarize the arguments she made in her brief supporting her response to Hartford's Motion to Dismiss. ECF No. 16. Plaintiff essentially asks the Court to distinguish controlling precedent and

carve out an exception to the contractual limitation period provided by the policy at issue. Plaintiff cites no authority for her argument.

The policy at issue requires participants to bring suit within three (3) years after the proof of loss is due. The proof of loss is required within ninety (90) days after the start of the period of disability for which payment is sought. The plain language of the policy fixes the deadline for filing a legal action as being related to the date proof of loss is required. For Plaintiff, the deadline was February 27, 2016.

The Supreme Court has held that "[a]bsent a controlling statute to the contrary, a participant in a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, so long as the period is reasonable." 134 S. Ct. 604, 610 (2013). In *Heimeshoff*, under the contractual limitation period of the policy, the plaintiff was left with approximately one year in which to file suit, and the Supreme Court held that this was a "reasonable" period of time within which to file suit.

The *Heimeshoff* case is controlling precedent and is not distinguishable from the present case. The contractual limitations period in the present case began to run before the cause of action accrued; however, Plaintiff still had twenty-one (21) months to file suit after the denial of her administrative appeal. Plaintiff does not argue that the twenty-one month time period in which to file suit was unreasonably short. Because Plaintiff filed her complaint over six months after the expiration of the contractual limitations period, the complaint is untimely and subject to dismissal.[1]

### IV. CONCLUSION

For the reasons stated above, the Court overrules Plaintiff's objections and adopts in full the Report and Recommendation of the magistrate judge. ECF No. 28. Accordingly, Hartford's

---

[1] Because Plaintiff's complaint is subject to dismissal for being untimely, there is no need for the Court to address the Wal-Mart Defendants' arguments regarding whether they are the proper parties to this lawsuit.

Motion to Dismiss (ECF No. 10) is **GRANTED**, and the Motion to Dismiss filed by the Wal-Mart Defendants (ECF No. 13) is **GRANTED**.  Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

    **IT IS SO ORDERED**, this 20th day of July, 2017.

                                              /s/ Susan O. Hickey  
                                              Susan O. Hickey  
                                              United States District Judge